IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:13CR00134

    Plaintiff,

       v.                                      **ORDER**

Terrance L. Wymer,

    Defendant.

The defendant, convicted along with members of his family and others, of running a large-scale chop shop, received the statutory maximum sentence of sixty months, which was less than his Guideline Range of 70-87 months.[1] He has filed a motion under 28 U.S.C. § 2255 seeking a reduction in his sentence. (Doc. 567). For the reasons that follow, I agree with the government's opposition that the motion is not well taken. (Doc. 574).

## Discussion

Defendant claims he is entitled to relief in light of Amendment 794 to Sentencing Guideline § 3B1.2. In its opposition to the motion, the government argues:

- Amendment 794 is not retroactive and thus does not apply to the defendant;

---

[1] Defendant's Base Offense Level was 27; his Criminal History was III. However, I reduced the Criminal History to a I at sentencing, so that the final computation was 27/I.

- Even if the Amendment were retroactive, it still would not apply because he did not come within Guideline § 3B1.2, which relates to defendants who play a mitigating role in the offense;

- His statutory maximum sentence was, as already noted, less than his guideline range; and

- On the merits, as has already been decided, defendant is not entitled to a reduction for a mitigating role under § 3B1.1(c), the Sixth Circuit having confirmed on his direct appeal that defendant was involved significantly in the overall conspiracy leading to his conviction and that of the other participants.

Each of these contentions is well taken.

Initially, I agree, as the government points out, that the scope of a § 2255 petition does not include what the defendant wants done. *See, e.g., Grant v. U.S.*, 72 F.3d 503, 506 (6th Cir. 1996) Instead, a motion to reduce sentence comes within 18 U.S.C. § 3582(c)(2). *See, e.g., Klosowski v. U.S.,* 2016 WL 6696023, *2 (E.D. Mich.). But, like the government, I will disregard that technicality and proceed to the merits of the motion as if defendant had cited the correct statute.

### 1. Amendment 794 is Not Retroactive

Guideline § 1B1.10 did not make Amendment 794, amending Guideline § 3B1.2 regarding a mitigating role, retroactive prior to the Amendment's effective date of November 1, 2015. Thus, defendant cannot claim the benefit of the Amendment under any circumstance. That Guideline conclusively establishes the retroactivity of amendments; if not listed within that provision, an amendment is not retroactive.

Consequently, the Guideline computation within the presentence report and as confirmed at sentencing remains unchanged. The Ninth Circuit's decision in *U.S. v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), does not change this circumstance. There, the court applied Amendment 794 to a case on direct appeal. This is not the status and stage of the case here. Indeed, no case has

applied Amendment 794 to collateral review. *See, e.g., Aguas-Landaverde v. U.S.*, 2016 WL 5341799, *2 (S.D. Ohio); *U.S. v. Lee*, 2016 WL 6699139, *2 (E.D. Ky.); *U.S. v. Veach*, 2016 WL 6496234, *2 (E.D. Tenn.); *U.S. v. Burlingame,* 2016 WL 6777834, *2 (E.D. Mich.).

The defendant, despite his argument that Amendment 794 is retroactive, is not, accordingly, entitled to the benefit of Amendment 794 because the Amendment is not retroactive.

### 2. An Amendment to a Guideline Not a Factor in the Original Guideline Calculation is Inapplicable

Though the presentence report included a Guideline calculation, the ensuing range of seventy to eighty months exceeded the statutory five-year maximum. Thus, the Guideline computation was not a factor in the defendant's sentence. Even if Amendment 794 were applicable and even if the defendant qualified for a reduction due to a lesser role in the offense, nothing would or could change, and the sentence would remain the same.

This is so because though "[u]nder § 3582(c)(2), a prisoner may move the court to recalculate his sentence pursuant to the new guideline," provided that the since-amended factor was among those included in the original calculation, a prisoner "may not use § 3582(c)(2) as a means of challenging those factors." *U.S. v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009). Neither I at sentencing nor the Sixth Circuit on appellate review deemed defendant worthy of a credit under § 3B1.2 for having had a mitigating role. That being so, he cannot now call on an amendment to that Guideline to reduce his sentence.

There is no merit to defendant's claim to the benefit of Amendment 794, even if the Amendment were retroactive.

### 3. Defendant Did Not Receive a Guideline Sentence so a Guideline Amendment is Not Applicable

In the preceding section, I concluded that the defendant could not benefit from an amendment to a specific Guideline provision where that provision played no role in his Guideline calculation. In this segment, I reach the same conclusion even more directly: because the Guidelines generally in no way affected the defendant's sentence, Amendment 794 provides no basis on which to grant his motion.

Though defendant's presentence report includes a Guidelines computation, the fact remains that the Guidelines *in toto*, and not just one of them, had nothing to do with the defendant's sentence. This was so because the computed Guideline range exceeded the maximum I could impose per the Guideline calculation.

More to the point, even if Amendment 794 were retroactive and even if Guideline § 3B1.2 had been part of the pre-sentencing Guideline computation such that the amendment applied, defendant still would not receive any benefit from its application. This is so because any reduction would not bring the bottom end of his Guideline Range below the statutory maximum five-year term he received. *See U.S. v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009) (no reduction may occur where an amendment does not lead to a different sentencing range). Amendment or not, there is no difference.

### 4. Defendant is Not Entitled to a Mitigating Role Credit

I declined at sentencing to give defendant any credit in his base offense level calculation under Guideline § 3B1.2; the record showed he was not a "minor participant" in the conspiracy. The Court of Appeals upheld my sentencing determination. *U.S. v. Wymer*, 654 Fed. Appx. 735, 761-62

4

(6th Cir. 2016) ("Terrance Wymer was significantly involved in this criminal enterprise. His primary role was to dismantle the stolen trucks and trailers. He helped to remove any identifying marks so that the stolen items could not be traced. He also scrapped much of the material. He opened the gate at night to facilitate the return of the stolen items.").

The prosecutor's description at sentencing of the defendant's activities shows that these determinations were well grounded:

> He was involved in cutting; he was involved in moving goods around. He was involved essentially during the entire time span of this. He's on tape in early October scraping the letters off of a truck. He's in a lot of this video, Your Honor. Terrance Wymer is playing an active role. And below him there are essentially two tiers of people … who really just had very small roles.
>
> * * *
>
> Terrance Wymer is the average participant, or he's slightly more culpable. There are certainly people more responsible, but there's an awful lot of people who are less responsible. So I don't think he can make that showing that he needs to make that he is substantially less culpable than the average participant. I think he's average or above average.

(Transcript, pp. 6025-26).

Defendant devotes a substantial portion of his response to the government's motion comparing himself to his co-conspirators. I heard those contentions once and found them to be unavailing, which they continue to be, albeit for the reason that facts, once found and confirmed on appeal, are not subject to being revisited.

I need say no more: defendant was not entitled to credit for having had a mitigating role in the conspiracy. That was clear to me from the evidence at trial (even though he pled guilty, the evidence against those of his cohorts who stood trial showed that he was far from a bit player). My present review of the facts and circumstances now confirms that fact.

**Conclusion**

For four separate reasons, defendant's motion to reduce sentence is not well taken: 1) Amendment 794 on which he relies is not retroactive; 2) Guideline § 3B1.2 was not part of his Guideline computation; 3) the Guidelines played no role in the sentence he received; and 4) he did not, and does not, deserve credit for a mitigating role in the offense.

It is, according, hereby,

ORDERED THAT: the defendant' motion for a reduction in his sentence (Doc. 567) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge